```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT
```

**M.K., by and through his Mother**          :
**and Next Friend, MRS. K.,**
                                                                           :

    Plaintiffs,
                                                           : No. 3:96cv00482(WIG)
       vs.                                         (Lead Case)

**THEODORE SERGI, et al.,**                  :

    Defendants.
----------------------------------X

**DEPARTMENT OF CHILDREN AND**               :
**FAMILIES,**
                                                           :

    Plaintiff,
                                                         : No. 3:03cv1658(WIG)
       vs.                                         (Consolidated Case)

**M.K., and MRS. K.,**                       :

    Defendants.
----------------------------------X

### RULING ON DEFENDANTS M.K. & MRS. K.'S
### MOTION FOR SUMMARY JUDGMENT IN 3:03CV1658 [# 275]

Defendants, M.K. and his mother, Mrs. K., have moved for summary judgment in the consolidated case, *Commissioner, Department of Children and Families v. M.K. and Mrs. K.,* No. 3:03CV1658(WIG).[1]  In that action, plaintiff Department of

---

[1] This motion pertains only to *Commissioner, Department of Children and Families v. M.K. and Mrs. K.,* No. 3:03CV1658(WIG). Four other motions were filed in the consolidated case, *M.K. v. Sergi, et al.,* 3:96cv00482(WIG).  In many respects, the motions are interrelated, and the parties' general familiarity with the underlying facts is presumed.  The Court will recite in this decision only those facts necessary to this particular ruling.

Children and Familites ("DCF") challenges the Hearing Officer's authority to join it as a party to the due process hearing in Case No. 03-087 and to enter orders against it, and further maintains that no attorney's fees may be imposed against it.

Defendants now move for summary judgment on the following grounds:

>   (1) This Court lacks jurisdiction over this case because DCF failed to exhaust administrative remedies;
>
>   (2) The doctrines of res judicata and collateral estoppel preclude DCF's relitigating the hearing officer's findings of fact and conclusions of law;
>
>   (3) DCF's cause of action is without merit as a matter of law; and
>
>   (4) An award of reasonable attorney's fees and costs against DCF is appropriate.

For the reasons set forth below, defendant's motion for summary judgment will be denied.

### *Procedural Background*

Following a due process hearing held pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, *et seq.*, M.K., by and through his mother and next friend, Mrs. K., filed the original lawsuit, No. 3:96cv482(WIG), on March 19, 1996. On March 25, 2003, M.K. and Mrs. K. requested a second due process hearing. On April 7, 2003, a pre-hearing conference was

2

held with counsel for M.K. and the Putnam Board of Education. DCF did not participate in that hearing and claims not to have been aware that it was being held. The due process hearing began on April 21, 2003. The issues before the Hearing Officer were:

> 1. Is the Student eligible for services under the IDEA?
>
> 2. Did the May 11, 2001, Individualized Education Program ("IEP") provide the Student with a Free and Appropriate Public Education ("FAPE")?
>
> 3. Did the Putnam Board of Education provide the Student with appropriate transition services?
>
> 4. Is the Putnam Board of Education responsible for payment of the Student's foster placement, therapy and other support services provided by DCF?

(Final Decision and Order No. 03-087 at 1.)

On the first day of the due process hearing, counsel for M.K. stated that he believed that DCF was going to have to be made a party because "DCF is currently paying for foster case, paying for therapy, paying for case management. And, its our information those services are going to be shortly terminated. And . . . the termination of these services will have a devastating effect of Special Education programming for M." (4/21/02 Hr'g Tr. at 5-6.) M.K.'s counsel indicated that he intended to file a motion to join DCF as a party to the hearing.

On April 30, 2003, M.K.'s counsel filed a motion to join DCF

as a party to the due process hearing. On May 8, 2003, the Hearing Officer heard oral argument on the motion. DCF states that it did not receive notice of the hearing and did not participate. The Hearing Officer granted M.K.'s motion stating, "my jurisdiction over DCF is extremely limited. But I'm going to join DCF at the current time because of the nature of the hearing, because we're dealing with transition services it appears the Board is responsible for and DCF seems to be possibly providing some of them." (5/8/03 Hr'g Tr. at 9.)

On May 12, 2003, DCF filed an objection to M.K.'s motion and requested oral argument, which request was granted. On June 6, 2003, DCF, joined by the Putnam Board of Education, argued against its joinder. The Hearing Officer, however, declined to change her May 8th ruling. On June 13, 2003, DCF filed a motion for articulation and advised the Hearing Officer by letter that it would not be participating in the hearing. The hearing proceeded over seven days, concluding on July 2, 2003.

On August 15, 2003, the Hearing Officer issued her decision. With respect to DCF, she concluded that, because she had jurisdiction under Conn. Gen. Stat. § 10-76h(d)(1) to determine whether a FAPE had been provided, she had limited jurisdiction over DCF "where their actions may impact on the Student's transition plan." (Final Decision & Order No. 03-087, Findings of Fact ¶ 16.) She then ordered DCF to coordinate its school-to-

work transition plan with that of the school district "to ensure consistency, non-duplication of services, and, ideally, a more appropriate and comprehensive plan." (*Id.* at ¶ 17.) She also ordered DCF to provide on-going representation to the PPT and to coordinate their transition plan. (*Id.,* Final Decision & Order ¶ 6.).

On September 30, 2003, DCF filed the instant lawsuit limited to the issue of the jurisdiction of the Hearing Officer over DCF. This case was later consolidated with the two suits filed by M.K. and Mrs. K.

### *Discussion*

Defendants, relying on 20 U.S.C. § 1415(i)(2)(A),[2] argue that this Court lacks subject matter jurisdiction over this action because DCF failed to exhaust administrative remedies under the IDEA before filing suit. They assert that before DCF

---

[2] Section 1415(i)(2)(A) provides:

> Any party aggrieved by the findings and decision made under subsection (f) or (k) of this section who does not have the right to an appeal under subsection (g) of this section, and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

could challenge in this action the hearing officer's assertion of even limited jurisdiction over it, DCF was required to appear at the due process hearing to present evidence concerning the nature and extent of the support services that it was providing, whether those services should be considered educational or related services under the IDEA, and whether those services were in any way undermining M.K.'s ability to receive a FAPE.

Essentially defendants' position is that if DCF provides services to a student who is also entitled to receive or is receiving special education services, DCF can be joined as a party to an IDEA due process hearing and at that hearing it must explain the nature and extent of the support services that it is providing, whether or not they are educational services, and whether or not they affect the student's ability to receive a FAPE. Additionally, if DCF refuses to subject itself to the jurisdiction of the hearing officer, it is barred from filing suit to contest the hearing officer's assertion of jurisdiction over it because it did not exhaust administrative remedies. Thus, based on defendants' interpretation of the IDEA, DCF is faced with the proverbial "Catch-22" – subject itself to the jurisdiction of the hearing officer or be forever barred from challenging her assertion of jurisdiction.

As the Second Circuit recognized in *Polera v. Board of Education of the Newburgh Enlarged City School District*, 288 F.3d

478, 487 (2d Cir. 2002), "[t]he IDEA's exhaustion requirement was intended to channel disputes related to the education of disabled children into an administrative process that could apply administrators' expertise in the area and promptly resolve grievances." "'Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving those agencies the first opportunity to correct shortcomings in their educational programs for disabled children.'" *Id.* (quoting *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1303 (9th Cir. 1992)). However, the Second Circuit has held that "[e]xhaustion will be excused where it would be futile, the agency has adopted a policy or practice of general applicability that is contrary to law, or it is improbable that adequate relief is available in the administrative forum, or where . . . the parents have not been notified that such remedies were available to them." *Weixel v. Board of Educ. of City of New York*, 287 F.3d 138, 149 (2d Cir. 2002) (internal quotation marks and citations omitted).

In this case, exhaustion of administrative remedies must be excused. DCF did, in fact, appear before the Hearing Officer for the purpose of contesting jurisdiction, thus giving the Hearing Officer an opportunity to rule on this issue in the first

7

instance.  Additionally, counsel for DCF expressly stated that it was not waiving any objection that it had to its joinder in the hearing by virtue of its presence at the hearing.  (6/6/03 Hr'g Tr. at 43-45.)  DCF also filed an objection to plaintiffs' motion to join DCF in the due process hearing (Ex. B to DCF's Reply Brief), which was overruled.  A requirement of further exhaustion would entail DCF's subjecting itself to the administrative process that it is challenging here.  Moreover, the jurisdictional issue is a legal issue, not a factual, educational issue on which the Hearing Officer has special expertise.  Thus, the Court finds that exhaustion of administrative remedies was not required under the circumstances presented.

Defendants next argue that plaintiff is precluded by the doctrines of res judicata and collateral estoppel from relitigating the issues concerning whether the services it offered were special education services and the manner in which those services were delivered.  In support of this argument, defendants cite *Patricia N. v. Lemahieu*, 141 F. Supp. 2d 1243 (D. Hawaii 2001), and *Burgos v. Hopkins*, 14 F.3d 787 (2d Cir. 1994).  Neither of those cases, however, involved a situation, as in this case, where the plaintiff was contesting the jurisdiction of the court or administrative agency in the initial proceeding.

As a general rule, the doctrine of res judicata, or "claim preclusion," provides that when a court of competent jurisdiction

has entered final judgment on the merits of a cause of action, the parties to that action and their privies are bound not only as to every matter presented to the court but also as to every matter that might have been offered for that purpose. *See Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 366 (2d Cir. 1995). The doctrine of res judicata does not apply where "'the initial forum did not have the power to award the full measure of relief sought in the later litigation.'" *Burgos*, 14 F.3d at 790 (quoting *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986)). Even where a second action arises from some of the same factual circumstances that gave rise to a prior action, res judicata does not apply if formal jurisdictional or statutory barriers precluded the plaintiff from asserting its claims in the first action. *Id.* Here, because the Court has found that the Hearing Officer did not have jurisdiction over DCF and DCF was not a proper party to the due process hearing, the doctrine of res judicata does not apply.

Likewise, DCF's suit is not barred by the doctrine of collateral estoppel or "issue preclusion," where the judgment in a prior suit precludes relitigating in a second action "issues actually litigated and necessary to the outcome of the first action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n. 5 (1979). For collateral estoppel to apply, four elements must be

present: "(1) the issues of both proceedings must be identical, (2) the relevant issues were actually litigated and decided in the prior proceeding, (3) there must have been full and fair opportunity for the litigation of the issues in the prior proceeding, and (4) the issues were necessary to support a valid and final judgment on the merits." *Central Hudson Gas & Elec. Corp.*, 56 F.3d at 368 (internal quotation marks and citations omitted). Again, because DCF was not a proper party to the due process hearing, it did not have a full and fair opportunity to litigate the issues raised in this action. Therefore, it is not barred by collateral estoppel from asserting these issues before this Court.

As this Court ruled in its decision on Defendant Sergi's Motion for Summary Judgment [# 231] filed in the consolidated action, Case No. 3:96cv00482(WIG), except in those instances in which DCF acts as the LEA, the proper respondent in a due process hearing is the local school board, the LEA, and not DCF, even though DCF may be providing services that impact on the provision of a FAPE. At all times relevant to the issues presented at the second due process hearing, Putnam was serving as M.K.'s LEA. Accordingly, DCF should not have been joined as a respondent in the second due process hearing and cannot be held liable for any of the costs and fees associated with that hearing. Therefore, the Court denies defendants' Motion for Summary Judgment as to

the merits of DCF's complaint and also as to M.K. and Mrs. K.'s claim against DCF for reasonable attorney's fees and costs in connection with the second due process hearing.

### *Conclusion*

For the reasons set forth above, the Defendants M.K. and Mrs. K.'s Motion for Summary Judgment [# 275] in *Department of Children and Families v. M.K. and Mrs. K.,* No. 3:03cv1658(WIG), is DENIED.

SO ORDERED, this     12th    day of May, 2008, at Bridgeport, Connecticut.


     /s/ *William I. Garfinkel*     
WILLIAM I. GARFINKEL
United States Magistrate Judge